IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL CHASE BALDWIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-7-D-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner MICHAEL CHASE BALDWIN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Wynne Unit in Walker County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.[1]

**I. DISCIPLINARY CHARGE AND PROCEEDINGS**

On August 3, 2016, in disciplinary case number 20160366984, petitioner was charged at the Brisco Unit in Frio County, Texas, with the offense of possession of a cell phone, a Level 1, Code 10.0 violation of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") *Disciplinary Rules and Procedures for Offenders*. [ECF 16-2 at 5]. Specifically, the Offense Report alleged that on July 25, 2016, at 5:25 p.m., petitioner "did

---

[1] This Court has jurisdiction to entertain petitioner's habeas application because his underlying state court conviction and sentence took place in Moore County, Texas, which is in the Northern District of Texas. *See* 28 U.S.C. § 2241(d).

possess a cell phone, a felony as defined by the land of the State of Texas and in violation of the Texas Penal Code 38.11." *Id.*[2] As additional information in the Offense Report, Charging Officer Sgt. J. Mireles explained:

> On the date and time listed above . . . [I] discovered during a review of the camera surveillance that offender Michael Baldwin [#]1643591 was in possession of a cell phone[. I]n the video footage it reveals Baldwin and several other offenders around a bunk in Zone P [sic] where they are handling a cell phone[. I]n the video I was able to see the light from the cell phone deflect onto the offender[']s facial area. Having a cell phone in a correctional facility is a felony according to the Laws of the State of Texas and in violation of the Texas Penal Code 38.11. Offender was [sic] identified in the camera surveillance and [sic] the investigation was concluded on 8/3/16.

*Id.* Officer C. Ramirez provided a statement dated August 3, 2016, in support of the Offense Report:

> On 07/25/16 I was present while the camera footage was being reviewed in P-wing 2 row, at which time I observed offender Michael Baldwin #1643591 and several other offenders handling a cell phone. While Baldwin and the other offenders involved were handling the cell phone I could see the light from the cell phone reflect on their faces. I have not further knowledge of this incident.

*Id.* at 7. Officer S. Garcia also provided a statement dated August 8, 2016, in support of the Offense Report:

> I did review the video footage in regards to the six offenders in P-wing charged with Possession of a Cell Phone Code 10.0. It was reviewed for the dates of 7/25/16 and 7/26/16 and you can clearly see where there are 5 offenders on 7/25/16 standing around a bunk in P-wing belonging to Offender Riggs. Offender Riggs walks to the front of the cubicle where 3 offenders are standing and hands the object to one of the offenders. That offender then looks at the object along with the other two offenders and the fourth offender in the cubicle beside him, then all look at the object together. They turn the object from a vertical position to a horizontal position. You can clearly see that the object is illuminated the whole time. On 7/26/16, Offender Gonzales is walking down the walkway in the P-wing two row carrying the once again illuminated object and stops at a bunk with the object still in his hand.

---

[2] Section 38.11 of the Texas Penal Code prohibits a person confined in a correctional facility from possessing a cell phone and classifies that offense as a third-degree felony. Tex. Penal Code § 38.11(g), (i) ("An offense under this section is a felony of the third degree. . . . A person commits an offense if the person, while confined in a correctional facility, possesses a cellular telephone or other wireless communications device or a component of one of those devices.").

*Id.* at 15.  During the preliminary investigation of the offense, petitioner stated, "I never s[aw] or touched a cell phone."  *Id.* at 6.

On August 8, 2016, petitioner was officially notified of the charges against him and indicated he wanted to attend the disciplinary hearing.  *Id.* at 16.  During counsel substitute's investigation of the offense, petitioner stated, "It was a calculator.  There was no cell phone."  *Id.*  That same day, a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on the alleged charges.[3]  At the hearing, petitioner stated: "It was a gravy packet.  [I] went to the store that day, and the gravy packets were new."  [ECF 24, Disciplinary Hearing CD].  The Charging Officer testified at the hearing that, while reviewing a video recording dated July 25, 2016,[4] he observed petitioner and several other individuals passing around a cell phone.  *Id.*  The Charging Officer testified that he could clearly see the cell phone on the video footage, he could see the light from the cell phone reflecting onto the faces of petitioner and the other individuals, the video footage showed petitioner in possession of the cell phone, and the cell phone looked like an iPhone or Samsung Galaxy smartphone.  *Id.*  The Charging Officer further testified that gravy packets do not reflect light onto a person's face in the way that a smartphone does.  *Id.*  At the conclusion of the hearing, the DHO found petitioner guilty of the charged offense based on the Charging Officer's Offense Report, the Charging Officer's hearing testimony, and several photographs of the video recording.  *Id.*  The DHO then assessed punishment that included the forfeiture of three hundred sixty-four (364) days previously accrued good time credit.  *Id.*[5]

---

[3] Petitioner waived his right to 24 hours advance notice of the hearing.  [ECF 16-2 at 4, 18].
[4] Petitioner's counsel substitute stated at the hearing that petitioner "chose not to use the video camera footage."  [ECF 24, Disciplinary Hearing CD].  Although the video recording was not presented at the hearing, the DHO apparently considered several photographs of the video recording in addition to a physical gravy packet.  *Id.*
[5] Other punishment with which petitioner was assessed—petitioner's demotion from S2 classification to L1 classification, 45-day cell restriction, and 45-day loss of recreation, commissary, and telephone service privileges—constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

On August 12, 2016, petitioner filed a Step 1 grievance arguing:

1. The evidence was insufficient because the only evidence shown at the disciplinary hearing were several blurry photographs from a video recording showing something white and glossy;

2. The photographs shown at the disciplinary hearing were of a white and glossy gravy packet; and

3. The video recording was excluded from the disciplinary hearing.

[ECF 16-1 at 3-4]. On August 29, 2016, petitioner's first Step 1 grievance was denied with the following response:

Disciplinary Case #20160366984 has been reviewed and the evidence was sufficient to support the charge. All due process requirements were satisfied, and the punishment assessed was within agency guidelines. Therefore, this case will stand.

*Id.* at 4.

On September 21, 2016, petitioner filed a Step 2 grievance arguing:

1. The evidence was insufficient to support the guilty verdict because the video recording was not presented at the disciplinary hearing, the photographs of the video recording were blurry, and no cell phone was discovered;

2. Petitioner's procedural rights were violated because the video recording was excluded from the disciplinary hearing and the disciplinary hearing was not held within seven (7) days of the alleged violation, contrary to TDCJ policy;

3. The penalty imposed was too severe because no credible evidence was presented at the disciplinary hearing to substantiate the finding of guilt; and

4. Asst. Warden J. Alvarez should not have reviewed and denied petitioner's Step I grievance because he was involved in the initial investigation of the incident.

*Id.* at 5-6. On October 19, 2016, petitioner's Step 2 grievance was denied with findings that "[t]here was sufficient evidence presented to sustain the charge and the finding of guilt," "the hearing was conducted per policy and there were no due process or procedural errors noted," and "[t]he punishment was within Agency guidelines for this offense." *Id.* at 6.

On January 12, 2017, petitioner placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by the Court and file marked on January 17, 2017. [ECF 3].

## II. PETITIONER'S ALLEGATIONS

Petitioner claims his federal constitutional rights were violated as a result of the disciplinary decision and loss of good time punishment because the evidence presented at the disciplinary proceed was insufficient to support the guilty verdict.[6]

## III. EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[7] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his

---

[6] All four grounds listed in Petitioner's habeas petition—(1) the evidence presented at the disciplinary hearing was insufficient to support the guilty verdict; (2) the evidence presented at the disciplinary hearing lacked credibility; (3) the guilty verdict was based solely on the opinion of the Charging Officer; and (4) petitioner was charged with possession of a cell phone that he was never proved to possess—challenge the sufficiency of the evidence presented at the disciplinary hearing. [ECF 3 at 6-7, 11].

[7] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988).

administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

On May 19, 2017, respondent filed an Answer conceding that petitioner's sufficiency-of-the-evidence claim is properly exhausted and as such is not procedurally defaulted. [ECF 15]. The Court agrees that petitioner's claim is exhausted. Accordingly, the undersigned addresses below why petitioner's claim should be denied on the merits.

## IV. REVIEW OF PRISON DISCIPLINARY HEARINGS

It is the law of the Fifth Circuit that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The requirements of due process are satisfied if there is at least "some basis in fact" or a "modicum of evidence" to support the disciplinary conviction. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454-56 (1985). "The goal . . . is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).[8]

### A. Sufficiency of the Evidence

---

[8] Petitioner does not appear to assert a denial of procedural due process with regard to the disciplinary proceeding. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

Petitioner claims that the evidence presented at the disciplinary hearing was insufficient to support the DHO's finding of guilt. The Court disagrees.

Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where "no evidence" in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has 'support of "some facts" or "any evidence at all." ' " *Hudson*, 242 F.3d at 537 (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).

As noted above, the Offense Report clearly explained that while the Charging Officer was reviewing surveillance video from July 25, 2016, he observed the alleged conduct that formed the basis for the disciplinary charge against petitioner. At the hearing, the Charging Officer confirmed that the conduct allegations in the Offense Report were true and correct. [ECF 24, Disciplinary Hearing CD]. The Charging Officer then testified that in reviewing video surveillance from July 25, 2016, he could clearly see a cell phone and he observed petitioner in possession of the cell phone. *Id.* The Charging Officer further testified that he could see the light from the cell phone reflecting onto petitioner's face, the cell phone looked like an iPhone or Samsung Galaxy smartphone, and gravy packets do not reflect light onto a person's face in the way that a smartphone does. *Id.* The DHO relied on the Charging Officer's Offense Report, the Charging Officer's hearing testimony, and several photographs of the video recording in finding petitioner guilty of the charged offense. *Id.*

The Charging Officer's Offense Report, the Charging Officer's hearing testimony, and

the photographs of the video recording, relied upon by the DHO for his finding of guilt of the offense, clearly constituted "some evidence" and supported a finding that petitioner engaged in the conduct alleged.  The DHO's determination that petitioner possessed a cell phone on July 25, 2016, was not unreasonable or arbitrary.  The undersigned finds the evidence presented was sufficient for purposes of federal habeas review to support the prison disciplinary decision.

The Offense Report, standing alone, constitutes all the evidence necessary to establish a disciplinary infraction.  *See Hudson*, 242 F. 3d at 537 (incident report is "some evidence" of guilt).  Even so, the Charging Officer testified at the disciplinary hearing as to the conduct he observed on the surveillance videotape.  Production of the actual videotape at the disciplinary hearing was not required.[9]  The Charging Officer's Offense Report, the Charging Officer's hearing testimony, and the photographs of the video recording constituted "some evidence" to support the DHO's finding of guilt, and the determination that petitioner engaged in conduct in violation of TDCJ rules was not arbitrary or capricious.  It is therefore recommended that petitioner's sufficiency-of-the-evidence claim be denied.

## V. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL CHASE BALDWIN be DENIED.

## VI. INSTRUCTIONS FOR SERVICE

---

[9]Although petitioner does not assert he was denied due process or a fair hearing by the failure to introduce the video at the hearing, the undersigned notes any such claim would be without merit.  The right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearings; rather, it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings.  The Fifth Circuit has held prison hearings to be fair where inmates sought to introduce surveillance video and were not permitted to do so.  *See, e.g.*, *Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011) (holding that unpublished Fifth Circuit case law "illustrates the basic principle that a failure to review available documentary evidence does not in itself render a hearing unfair"); *Neal v. Casterline*, 129 F. App'x 113, 114 (5th Cir. 2005) (holding that the DHO's failure to observe a surveillance video did not violate inmate's due process rights); *Clements v. Dobre*, 273 F.3d 1107, 2001 WL 1131838, at *1 (5th Cir. 2001) (holding that prison's failure to produce video of the incident in question did not violate inmate's due process rights).

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 20, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).